UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Todd Humphrey,
        Plaintiff,

        v.                               Civil Action No. 2:09-CV-226

Joseph Montereg, Gregory Pittsfield,
Travis Rowen, Nedwin Bailey,
Edwin Thibault, Harold Studebaker,
        Defendants.

## REPORT AND RECOMMENDATION
(Docs. 1 and 2)

Plaintiff Todd Humphrey, a Vermont inmate proceeding *pro se*, seeks to bring an action against various prison officials. His allegations range from cold cell temperatures and a lack of linen sheets on beds to a claim that a "micro-brain transmitter" has been surgically implanted in his body. Humphrey also claims that people are being abducted from their homes and sexually assaulted at the prison, and that he himself has been sexually assaulted, "kiln internally burned" and "body doubled."

On October 6, 2009, Humphrey submitted a motion to proceed *in forma pauperis* along with an affidavit in support. In his affidavit, Humphrey claimed that he was receiving income from several sources including work, rent payments, and "gifts or inheritances." He claimed to have assets totaling $2.2 million in a joint checking account and $1.2 million in a savings account. He also claimed to own a "mansion" in St. Albans, Vermont, 10 vehicles, and a $1.2 million house in Maine. In a letter to the Court, he stated that he had "not been allowed prison funds here at the facility," and suggested that

an "escrow agent" might be able to "transact funds from my savings." (Doc. 1-3.)

In an Order dated October 8, 2009, the Court declined to grant Humphrey *in forma pauperis* status given his statement of assets. (Doc. 3 at 2.) The Court also noted, however, that "Humphrey has made allegations in past cases that were 'clearly delusional.'" *Id.* (citing *Humphrey v. Lavoie*, Civ. Action No. 1:08-CV-100 (Doc. 2 at 3); *Humphrey v. Hofmann*, Civ. Action No. 1:08-CV-101 (Doc. 2 at 3.) ) Consequently, the Court found that "Humphrey's current statements about his assets, as well as his claims of approximately $35,000 in expenses each month to support over 1600 children with 'private schooling, college trust funds' and 'allowances'" were "unreliable." *Id.*

The Court further noted that it was unable to grant the motion to proceed *in forma pauperis* without receiving "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the portion of the *in forma pauperis* affidavit requesting this information, Humphrey had written "Refused" with no further explanation.

Accordingly, the Court ordered Humphrey to provide it with the required statement or pay the Court's filing fee on or before November 6, 2009. The Court also warned Humphrey that if he failed to meet this deadline, the case could be dismissed without prejudice.

On October 21, 2009, Humphrey wrote to the Court reporting that he had

"requested a receipt attorney" and that payment of the filing fee "should reach this Court before 11/6/09." (Doc. 4 at 1.) The November 6, 2009 deadline has passed, and no such payment has been received. Nor is there any indication that Humphrey is in the process of obtaining the required documentation with respect to his prison trust account. Because Humphrey has not complied with § 1915(a)(2), has not provided a reliable statement of his assets and liabilities, and has not paid the filing fee, I recommend that the motion for leave to proceed *in forma pauperis* (Doc. 1) be DENIED and that this case be DISMISSED without prejudice. Humphrey's motion to appoint counsel (Doc. 2) is DENIED as moot.

Dated at Burlington, in the District of Vermont, this 12th day of November, 2009.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).